NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 4 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMILAH TALIBAH ABDUL-HAQQ,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>KAISER FOUNDATION HOSPITALS; et al.,<br><br>　　　　　Defendants-Appellees. | No. 15-15747<br><br>D.C. No. 4:14-cv-04140-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted September 27, 2016[**]

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Jamilah Talibah Abdul-Haqq appeals pro se from the district court's

judgment dismissing her employment action alleging violations of Title VII, the

Americans with Disabilities Act ("ADA"), and California law. We have

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys.*, *LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

Dismissal of Abdul-Haqq's Title VII, ADA, and Fair Employment and Housing Act ("FEHA") claims was proper because Abdul-Haqq failed to exhaust her administrative remedies as to those claims. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (setting forth factors exhaustion requirement for Title VII claims); *see also* 42 U.S.C. § 12117(a) (extending Title VII exhaustion requirement to ADA); *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001) (FEHA requires exhaustion of administrative remedies).

The district court properly dismissed Abdul-Haqq's intentional infliction of emotional distress claim because Abdul-Haqq failed to allege facts sufficient to state a plausible claim. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (elements of claim for intentional infliction of emotional distress).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

2                                                                          15-15747

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' motion to strike documents attached to Abdul-Haqq's opening and reply briefs is granted because the documents were not part of the record before the district court.  *See* Fed. R. App. P. 10(a); 9th Cir. R. 10-2; *see also Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).  Defendants' motion to strike Abdul-Haqq's opening brief is denied.

**AFFIRMED.**